UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| HERBERT R. PUTZ, et al., | CASE NO. C10-0741JLR |
| Plaintiffs, | ORDER |
| v. | |
| MICHAEL H. GOLDEN, et al., | |
| Defendants. | |

## I.　INTRODUCTION

Before the court are Plaintiff Herbert R. Putz's motions to release the remaining funds from the court registry that Defendants Michael H. Golden and Suzanne C. Golden ("the Goldens") have deposited in this proceeding (Dkt. ## 155, 156), the Goldens' motion for entry of satisfaction of judgment (Dkt. # 151), and counsel's motion to withdraw as attorney for Plaintiff Panonia Realty Company ("Panonia") (Dkt. # 146). The court has considered each motion, all submissions filed in support thereof, the

ORDER- 1

balance of the record, and the applicable law. Being fully advised, the court GRANTS all of the foregoing motions.

## II.     BACKGROUND

On October 26, 2012, the court finalized its judgment in favor of Plaintiffs. (Judgment (Dkt. # 135).) On the same day, the court also issued an order granting the Goldens' request to deposit $150,000.00, plus accrued statutory interest, in the court's registry in satisfaction of the court's judgment pending the outcome of Plaintiffs' appeal. (10/26/ Order (Dkt. # 134).) On October 29, 2012, the Goldens deposited $150,000.00, plus $197.28 of accrued interest, for a total of $150,197.28. (10/29/12 Letter (Dkt. # 136).) On November 8, 2012, Dr. Putz filed a motion to withdraw his appeal (*see* 11/8/12 Mot. (Dkt. # 137) at 5), and the Ninth Circuit granted the motion on November 14, 2012 (Mandate (Dkt. # 138)).

With his appeal withdrawn, Dr. Putz moved for release of the funds from the court's registry. (*See generally* 11/8/12 Mot.) Shortly thereafter, Dr. Putz's former law firm, Corr Cronin Michelson Baumgardner & Preece, LLP ("Corr Cronin"), filed a notice of attorney's lien on some of the funds in the court registry. (Not. of Lien (Dkt. # 139).) In addition, the court awarded Plaintiffs an additional $2,542.80 in costs. (Order on Bill of Costs (Dkt. # 142).)

On December 12, 2012, the court directed the clerk to retain $83,116.09 in the registry, which was an amount equal to the attorney's lien filed by Corr Cronin. (12/12/12 Order (Dkt. # 148) at 6.) The court, however, also authorized the clerk to draw a check on the funds in the remaining amount of $67,081.19, plus all accrued interest,

1  minus any statutory user fess, payable to Dr. Putz.  (*Id.* (citing Local Rules, W.D. Wash.,
2  CR 67(b).)  The court granted the Goldens' request to deposit into the court registry an
3  additional $2,542.80, which was the amount of costs that the court awarded to Plaintiffs.
4  (*Id.* (citing Fed. R. Civ. P. 67(a)).)

5        On December 12, 2012, Plaintiffs and Corr Cronin entered into a stipulation
6  whereby the parties agreed that the court could release $17,750.00 from the court registry
7  to Corr Cronin in full satisfaction of Corr Cronin's attorney lien.  (Stip. (Dkt. # 150).)  On
8  December 20, 2012, the court entered the parties' stipulation as an order and directed the
9  clerk to release $17,750.00 to Corr Cronin.  (Stip. & Order (Dkt. # 153).)

10        On December 14, 2012, the Goldens deposited with the court registry $2,542,80 in
11  costs awarded to Plaintiffs, plus $12.54 in accrued interest, for a total of $2,555.34.
12  (12/14/12 Letter (Dkt. # 149).)  On December 20, 2012, the Goldens' filed their present
13  motion seeking permission to enter a satisfaction of judgment on their own behalf.
14  (12/20/12 Mot. (Dkt. # 151).)  Plaintiffs have not filed a response to the Golden's motion.
15  (*See* Goldens' Resp. (Dkt. # 157).)

16        On December 21, 2012, Dr. Putz moved for the release of $2,542.80 from the
17  court registry, which was an amount equal to the costs awarded to him by the court.
18  (12/21/12 Mot. (Dkt. # 155).)  On December 28, 2012, Dr. Putz moved for the release of

ORDER- 3

all remaining funds in the court registry with respect to this case.[1] (12/28/12 Mot. (Dkt. # 156).) The Goldens did not file an opposition to either of Dr. Putz's motions.

In addition to the foregoing motions, Corr Cronin filed a motion seeking to withdraw from the representation of Panonia. (Mot. to Withdraw (Dkt. # 146).) As with the other motions at issue here, no party has filed an opposition to Corr Cronin's motion to withdraw.

### III. ANALYSIS

Dr. Putz moves for the release of all remaining funds that are presently in the court's registry with respect to this litigation. (*See* 12/21/12 Mot.; 12/28/12 Mot.) The funds in the registry have been deposited by the Goldens in satisfaction of the court's judgment and award of costs in this matter. No party has filed an opposition to Dr. Putz's motions. The court may consider the lack of any opposition "as an admission that the motion has merit." Local Rules W.D. Wash. CR 7(a)(2). The court sees no reason to delay release of the funds. Therefore, in accord with Federal Rule of Civil Procedure 67(b) and Local Rule 67(a), the court grants Dr. Putz's motions for release of all remaining funds that were deposited into the court registry by the Goldens with respect to this litigation, along with any accrued interest. *See* Fed. R. Civ. P. 67(b); Local Rules W.D. Wash. CR 67(a).

---

[1] Dr. Putz asked for the release of $2,542.80 in his first motion and $65,366.09 in his second motion for a total of $67,908.89. (12/21/12 Mot. at 1; 12/28/12 Mot. at 1.) However, the actual figure should be $67,921.43. Dr. Putz's calculations apparently neglected to include the $12.54 of interest that the Goldens deposited on December 12, 2012. (*See* 12/14/12 Letter at 1-2.)

ORDER- 4

In recognition of the completion of their obligations with respect to all court orders in this litigation, the Goldens' have sought permission to enter a satisfaction of judgment on their own behalf.  Ordinarily, Plaintiffs would file a satisfaction of judgment upon receipt of the funds herein.  In light of the acrimonious nature of the relationship between the parties here, and in light of Dr. Putz's *pro se* status, the court agrees that authorizing counsel for the Goldens' to file the satisfaction of judgment makes sense here.  In addition, Plaintiffs have not filed an opposition to the Goldens' motion.  As noted above, pursuant to the court's local rules, the court may consider this to be an admission that the motion has merit.  *See* Local Rules W.D. Wash. CR 7(a)(2).  Accordingly, the court grants the Goldens' motions and authorizes their counsel to file a satisfaction of judgment in the form attached as Exhibit 1 to counsel's declaration.  (*See* 12/20/12 Hall Decl. (Dkt. # 152) Ex. 1 (attaching form of satisfaction of judgment).)

Finally, the court has reviewed Corr Cronin's motion to withdraw from representation of Panonia (*see* Dkt. # 146) and finds it to be in compliance with requirements of the local rules of this court.  *See* Local Rules W.D. Wash. CR 83.2(b).  Accordingly, the court exercises its discretion to permit Corr Cronin to withdraw from representation of Panonia and grants the motion.

### IV.   CONCLUSION

Based on the foregoing, the court GRANTS Dr. Putz's motions for release of the remaining funds from the court's registry pertaining to this case (Dkt. ## 155, 156).  Pursuant to this order, the court AUTHORIZES and DIRECTS the clerk to draw a check on the funds the Goldens deposited in the court's registry in the principal amount of

$67,921.43, plus all accrued interest, minus any statutory user fees, payable to Dr. Herbert R. Putz. The court further DIRECTS the clerk to mail or otherwise deliver the check to Dr. Putz. *See* Local Rules W.D. Wash. CR 67(b).

The court further GRANTS the Golden's motion seeking authorization for their counsel to file a satisfaction of judgment in this matter in the form described above (Dkt. # 151). Finally, the court GRANTS Corr Cronin's motion to withdraw from representation of Panonia (Dkt. # 146).

Dated this 24th day of January, 2013.

JAMES L. ROBART
United States District Judge

ORDER- 6